UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CENDEE D. SULLIVAN; JOHN SULLIVAN;
and LINDA GAIL SULLIVAN,

    Plaintiffs,

v.                                                  CASE NO: 8:07-cv-103-T-26MSS

CREDITORS INTERCHANGE RECEIVABLE
MANAGEMENT, LLC; MARK FISHER;
JOHN DOE; and JANE DOE,

    Defendants.
_____/

**O R D E R**

    Defendants have filed a motion to dismiss or strike Plaintiffs' complaint or alternatively for a more definite statement, contending that Plaintiffs' complaint constitutes a quintessential shotgun complaint which has been repeatedly condemned by the Eleventh Circuit Court of Appeals. Although the Court realizes Plaintiffs have yet to respond, even a cursory review of the complaint reveals the correctness of Defendants' contention. That is, each count of Plaintiffs' complaint clearly incorporates by reference the allegations of its predecessors.[1] Furthermore, as Defendants also correctly argue, this Court has the authority under Eleventh Circuit precedent to order a repleader on its own

---

[1] See, e.g., Strategic Income Fund, L.L.C. v. Spear, Leeds & Killogg Corp., 305 F. 3d 1293, 1295-96 (11th Cir. 2002).

initiative,[2] a judicial act which this Court has performed on many occasions in the past when confronted by a shotgun complaint.

Accordingly, it is ordered and adjudged as follows:

1) Plaintiffs shall file a repleaded complaint within 15 days which complies with Eleventh Circuit precedent.

2) Defendants shall file a response within 10 days of service of the repleaded complaint.

3) Defendants Motion to Dismiss or Strike or Alternative Motion for More Definite Statement (Dkt. 6) is denied as moot.

**DONE AND ORDERED** at Tampa, Florida, on February 13, 2007.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

<u>**COPIES FURNISHED TO**</u>:
Counsel of Record

---

[2] See Lumley v. City of Dade City, Florida, 327 F. 3d 1186, 1192 n.13 (11th Cir. 2003).